**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

| | |
|---|---|
| D'Jalmar Armond Perry<br>1449 Whitesand Drive<br>Richmond, VA  23225<br>SSN/ITIN:  xxx-xx-3530 | Case No.15-35275-KRH<br>Chapter 7 |

                Debtors(s).

### NOTICE OF UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR PRESUMPTION OF ABUSE PURSUANT TO 11 U.S.C. § 707(b)(2), OR IN THE ALTERNATIVE, FOR ABUSE PURSUANT TO 11 U.S.C. § 707(b)(3) AND HEARING THEREON

      PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a Motion Of The United States Trustee To Dismiss Case For Presumption Of Abuse Pursuant To 11 U.S.C. § 707(b)(2), Or In The Alternative, For Abuse Pursuant To 11 U.S.C. § 707(b)(3) (the "Motion") in the above-captioned case.  A copy of the Motion is being served on you simultaneously herewith.

      If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, then on or before **seven (7) days** before the scheduled hearing date on the Motion, you or your attorney must:

        ( X )    File with the Court, at the address below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1(H).  You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

        Clerk of Court
        United States Bankruptcy Court
        701 East Broad Street, Suite 4000
        Richmond, Virginia 23219

      You must also serve a copy on:

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

       Shannon Pecoraro
       Trial Attorney
       Office of the United States Trustee
       701 East Broad Street, Suite 4304
       Richmond, VA 23219

( X )    Attend a hearing on the Motion which has been scheduled for **March 23, 2016 at 12:00 p.m.** before the Honorable Kevin R. Huennekens at the United States Bankruptcy Court, 701 East Broad Street, Suite 5000, Richmond, VA 23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that requested relief without further notice or hearing.

Date:  January 8, 2016                JUDY A. ROBBINS
                                         United States Trustee
                                         Region Four

                                         /s/ Shannon Pecoraro
                                         Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                         Office of the United States Trustee
                                         701 East Broad Street, Suite 4304
                                         Richmond, VA 23219

**CERTIFICATE OF SERVICE**

      I, the undersigned do hereby certify that on January 8, 2016, I caused to be mailed a true and correct copy of the above and foregoing, with postage fully prepaid herein, via U.S. Mail, to the following parties:

    D'Jalmar Armond Perry
    1449 Whitesand Drive
    Richmond, VA  23225

      The Court has electronically mailed the document to the following persons or all other necessary parties, including, the Debtor's attorney and the Chapter 7 Trustee.

                                    /s/ Shannon Pecoraro
                                    Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
                                    Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                    Office of the United States Trustee
                                    701 East Broad Street, Suite 4304
                                    Richmond, VA 23219
                                    Telephone (804) 771-2310
                                    Facsimile (704) 771-2330

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re

D'Jalmar Armond Perry                          Case No.15-35275-KRH
1449 Whitesand Drive                           Chapter 7
Richmond, VA  23225
SSN/ITIN: xxx-xx-3530,

          Debtors(s).

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
CASE FOR PRESUMPTION OF ABUSE PURSUANT TO 11 U.S.C. § 707(b)(2),
OR IN THE ALTERNATIVE, FOR ABUSE PURSUANT TO 11 U.S.C. § 707(b)(3)**

COMES NOW JUDY A. ROBBINS, the United States Trustee for Region Four (the "U.S. Trustee"), through the undersigned counsel, who respectfully moves this Court for entry of an Order dismissing the above captioned Debtor's (the "Debtor") case for presumption of abuse pursuant to 11 U.S.C. § 707(b)(2), 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or, in the alternative, for abuse pursuant to Bankruptcy Code § 707(b)(3), and represents as follows:

**JURISDICTION**

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334, 151, and 157(a) and (b)(1).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion is filed pursuant to Bankruptcy Code §§ 707(b)(2) and 707(b)(3).

**TIMELINESS OF MOTION**

3. Bankruptcy Code § 704(b)(1)(a) requires the U.S. Trustee to review all materials filed by debtors, and not later than ten (10) days after the date of the first meeting of creditors, file with the Court a statement as to whether the Debtor's case would be presumed to be an abuse under § 707(b).

4. The initial Chapter 7 meeting of creditors (the "341 Meeting") was held on December 1, 2015.

---

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

5. On December 11, 2015, pursuant to the requirements of Bankruptcy Code § 704(b)(1)(a), the U.S. Trustee filed a statement of presumed abuse (the "10 Day Statement").

6. The deadline under Bankruptcy Code § 707(b)(2) is January 11, 2016, and the deadline under Bankruptcy Code § 707(b)(3) is January 19, 2016.

7. Therefore, this Motion is timely filed.

## FACTUAL BACKGROUND

8. On or about October 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. Harry Shaia, Jr., (the "Chapter 7 Trustee") was appointed trustee and continues to serve as Chapter 7 trustee in this bankruptcy case

10. On *Schedule F - Creditors Holding Unsecured Nonpriority Claims,* the Debtor lists creditors with claims totaling $32,878.38.

11. The debts listed on the Debtor's schedules D, E and F appear to be primarily consumer obligations.

12. On the *Official Form 22A-1* and *Official Form 22A-2* (collectively, the "Means Test"), the Debtor reports monthly gross household income of $4,837.53, annualized gross household income totaling $58,050.36, and a household size of one (1) person. See Means Test, lines 12a, 12b, and 13.

13. The applicable median family income for a family consisting of one (1) person in Virginia on the date of the Debtor's bankruptcy petition was $53,287.00.

14. The Debtor's household income as reported on the Means Test substantially exceeds the applicable state median family income figure.

15. Because the Debtor's reported household income exceeded the applicable state median family income, the Debtor was required to complete the remainder of the Means Test.

16. On the Means Test, the Debtor reports "monthly disposable income under § 707(b)(2)" of ($708.03) and "60-month disposable income under § 707(b)(2)" of ($42,481.80). See Means Test, lines 39c and 39d.

17. On Schedule I, the Debtor reports gross income of $5,670.60 and net income of $4,221.19.

18. On Schedule J, The Debtor reports expenses of $3,474.24 and monthly net income of $746.95.

19. A representative of the U.S. Trustee's office attended the § 341 Meeting and questioned the Debtor regarding the representations in his schedules.

20. The U.S. Trustee has reviewed the limited information provided to the Chapter 7 Trustee in this case, including but not limited to, pay advices and 2014 tax return transcript.

21. On December 1, 2015, the U.S. Trustee sent a follow up email to counsel requesting certain documentation from the Debtor and asking for schedules to be amended.

22. Since the initial request, the U.S. Trustee has followed up with counsel on various occasions.

23. To date, the U.S. Trustee has not received any documentation from the Debtor.

24. Based on the limited information in her possession, the U.S. Trustee prepared an amended Means Test and determined that the Debtor has monthly disposable income in an amount greater than $207.92, and therefore, the presumption of abuse arises.

## **LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(2)**

25. In enacting the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to facilitate the prevention of abuse of the bankruptcy system.

26. Cases such as the instant case demonstrate the type of abuse Bankruptcy Code § 707(b) was intended to prevent.

27. Bankruptcy Code § 707(b)(1) provides that the Court may dismiss a case filed by an individual whose debts are primarily consumer debts, if it finds that granting relief would be an abuse of the provisions of Chapter 7.

28. Section 707(b)(2)(A)(i) provides, in pertinent part,
    . . . the court shall presume abuse exists if the debtor's current monthly
    income reduced by [certain deductions] and multiplied by 60 is not less
    than the lesser of –
        (I)    25 percent of the debtor's nonpriority unsecured claims
               in the case or $7,475.00, whichever is greater; or
        (II)   $12,475.00.

11 U.S.C. § 707(b)(2)(A)(i) (2015).

29. Under this provision, the Court must presume that a debtor's chapter 7 filing is abusive if, *inter alia*, the debtor has monthly disposable income of more than $207.92 per month, or $12,475.00 over sixty (60) months, to fund a plan.

30. If a presumption of abuse arises, a debtor may rebut it only by demonstrating special circumstances to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.  See 11 U.S.C. § 707(b)(2)(B)(i) (2015).

31. A debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided.  See 11 U.S.C. § 707(b)(2)(B)(ii) and (iii) (2015).

32. In the event a debtor establishes special circumstances of the kind described in Bankruptcy Code § 707(b)(2)(B)(i), the debtor will rebut the presumption of abuse only if he or she can demonstrate that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by sixty (60), to be the lesser of (1) 25% of the debtor's unsecured debts or $7,475.00, whichever is greater or (b) $12,475.00.  See 11 U.S.C. § 707(b)(2)(B)(iv) (2015).

33. It appears that the Debtor has monthly disposable income exceeding $207.92 and that the presumption of abuse arises under the corrected Means Tests prepared by the U.S. Trustee.

34. Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the best interest of the Debtor's creditors and should be granted.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(3)

35. In the event the Court does not agree that the Debtor's case should be dismissed for presumption of abuse pursuant to Bankruptcy Code § 707(b)(2), the U.S. Trustee has also investigated the Debtor's case for abuse pursuant to Bankruptcy Code § 707(b)(3) and asserts that dismissal under § 707(b)(3) is also appropriate.

36. The standard for presuming abuse under Bankruptcy Code § 707(b)(2) is based on a statutorily mandated calculation (as detailed above) while the standard for actual abuse under Bankruptcy Code § 707(b)(3) is based upon consideration of evidence of a debtor's bad faith or totality of the circumstances of his or her financial situation.

37. Whereas the court may look only to the results of the Means Test Form for dismissal predicated on the presumption of abuse arising under Bankruptcy Code § 707(b)(2), the Court must exercise its discretion to dismiss a case under Bankruptcy Code § 707(b)(3).

38. Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:
> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
> (A) whether the debtor filed the petition in bad faith; **or**
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtors) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b) (2015) (emphasis added).

39. Bankruptcy Code § 707(b), as amended by BAPCPA, replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard.

40. Under § 707(b)(3) of BAPCPA, dismissal is warranted based upon "abuse" in cases where a debtor filed a chapter 7 case in bad faith or the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of unsecured debt.

41. Dismissal for "abuse" under § 707(b)(3) is not dependent on the presumption of abuse arising under § 707(b)(2). Nothing in the Code indicates that the court's traditionally discretionary analysis has been replaced by the means test.

42. Using the standard articulated in Bankruptcy Code § 707(b)(3), post-BAPCPA, the Debtor's case would be an abuse.

43. Additionally, though post-BAPCPA Bankruptcy Code § 707(b)(3) seems to have lightened the standard for finding abuse, the Debtor's case would also fail if this Court were to apply the test set forth by the Fourth Circuit in the pre-BAPCPA case of In re Greene, 934 F.2d 568 (4th Cir. 1991) (adopted a "totality of circumstances" test for determining whether substantial abuse exists in a given Chapter 7 case).

44. Under the Greene test, the following factors are to be analyzed:

(a) Whether the debtor has the ability to repay;

(b) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

    (c) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to pay;

    (d) Whether the debtor's proposed family budget is excessive or unreasonable;

    (e) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

    (f) Whether the petition was filed in good faith.

Greene, 934 F.2d at 572 (citing In re Strong, 84 B.R. 541, 545 (Bankr. N.D. Ind. 1988)); In re Peluso, 72 B.R. 732, 736 (Bankr. N.D.N.Y. 1987); In re Grant, 51 B.R. 385, 392 (Bankr. N.D. Ohio 1985) (citing substantially similar factors drawn from cases cited).

  45. A consumer debtor's ability to repay a significant portion of his or her unsecured debt out of future disposable income is a primary factor and strong evidence of abuse sufficient to rebut that presumption in favor of the debtor. The burden then shifts to the Debtor to demonstrate entitlement to Chapter 7 relief. In re Norris, 225 B.R. 329 (Bank. E.D. Va. 1998).

  46. The Debtor has not demonstrated entitlement to relief under Chapter 7 of the Bankruptcy Code.

  47. On Schedule I, the Debtor reports monthly gross household income of $5,670.60 and monthly net income of $4,221.19.

  48. On Schedule J, the Debtor reports monthly expenses of $3,474.24 and monthly disposable income of $746.95.

  49. In comparing the reported numbers on Schedules I and J to the Means Test, it would appear that Schedules I and J are inaccurate in that the Debtor's income appears to be understated.

  50. On several occasions, the U.S. Trustee has requested that the Debtor file amended schedules. To date, no amendments have been filed.

  51. Based on the U.S. Trustee's analysis, it appears the Debtor could afford a substantial Chapter 13 plan payment.

  52. However, to date, the U.S. Trustee has not received any of the documents requested.

53. The totality of the circumstances indicates that the Debtors' financial condition does not warrant a Chapter 7 discharge: (a) the Debtor has the ability to repay a substantial portion of his unsecured debt through a Chapter 13 plan; (b) the Debtor did not file the bankruptcy petition because of sudden illness, calamity, disability, or unemployment; (c) the petition and schedules do not accurately reflect the Debtor's true financial condition; and (d) it is questionable whether the Chapter 7 case was filed in good faith.

54. Accordingly, the U.S. Trustee submits that the relief requested herein is justified and in the best interest of the Debtor's creditors and should be granted.

## NOTICE

55. Notice of this Motion has been given to: (a) the Debtor, (b) the Debtor's counsel, and (c) the Chapter 7 Trustee. In light of the relief requested herein, the U.S. Trustee submits that no other or further notice is required.

## RELIEF REQUESTED

56. The U.S. Trustee prepared a modified Means Test Form and believes that the presumption of abuse arises in this case. However, to date, despite request, the U.S. Trustee has not been provided with the documents or amendments that have been requested on various occasions since December 1, 2015.

57. The Debtor has not presented special circumstances to rebut the presumption of abuse.

58. Accordingly, this Court should dismiss the case under Bankruptcy Code § 707(b)(1) because there is a presumption of abuse under Bankruptcy Code § 707(b)(2).

59. In the alternative, this Court should dismiss the Debtor's case pursuant to Bankruptcy Code § 707(b)(3) based on the totality of the circumstances.

60. Based on the foregoing, there is just cause to dismiss the Debtor's case pursuant to Bankruptcy Code § 707(b)(2) or Bankruptcy Code § 707(b)(3).

61. Given that the U.S. Trustee has not received any of the documentation requested and none of the amendments to the Debtor's schedules have been filed, the U.S. Trustee reserves the right to amend this Motion or to file a supplement to same.

WHEREFORE, the U.S. Trustee respectfully requests that: (a) the Debtor's discharge be deferred pending disposition of this motion; (b) the case be dismissed pursuant to Bankruptcy Code § 707(b)(2) or,

in the alternative, pursuant to Bankruptcy Code § 707(b)(3); and (c) the Court grant such other and further relief as is just.

            Respectfully requested

            JUDY A. ROBBINS
            United States Trustee
            Region 4

          By   /s/ Shannon Pecoraro
            Trial Attorney

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that on January 8, 2016, I caused to be mailed a true and correct copy of the above and foregoing, with postage fully prepaid herein, via U.S. Mail, to the following parties:

D'Jalmar Armond Perry
1449 Whitesand Drive
Richmond, VA  23225

The Court has electronically mailed the document to the following persons and to all other necessary parties, including, the Debtor's attorney and the Chapter 7 Trustee.

          /s/ Shannon Pecoraro
          Robert B. Van Arsdale, Esq., AUST (Va. Bar No. 17483)
          Shannon Pecoraro, Esq. (Va. Bar No. 46864)
          Office of the United States Trustee
          701 East Broad Street, Suite 4304
          Richmond, VA 23219
          Telephone (804) 771-2310